STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v.
JAMES LEE, DEFENDANT-APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued March 8, 1971—Decided April 1, 1971.

Before Judges Goldmann, Leonard and Fritz.

*Mr. Edward P. Hannigan,* Assistant Deputy Public Defender, argued the cause for appellant (*Mr. Stanley C. Van Ness,* Public Defender, attorney).

*Mr. Edwin H. Stern,* Assistant Prosecutor, argued the cause for respondent (*Mr. Geoffrey Gaulkin,* Hudson County Prosecutor, attorney).

PER CURIAM. In this appeal from the denial of post-conviction relief, defendant pleaded guilty to an accusation charging him with impairing the morals of a minor (*N. J. S. A.* 2A:96–3), a misdemeanor punishable by a prison sentence not exceeding three years (*N. J. S. A.* 2A:85–7). He was referred to the New Jersey Diagnostic Center for examination, which reported that defendant's pattern of conduct came within the purview of the Sex Offenders Act (*N. J. S. A.* 2A:164–3, *et seq.*) and recommended that he be committed to the Diagnostic Unit at Rahway. On February 28, 1969 the trial judge committed him in accordance with the recommendation. See *N. J. S. A.* 2A:164–6(b).

Defendant had spent over eight months, from May 1, 1968 to January 22, 1969, in the Hudson County Jail and over one month, from January 22, 1969 to February 28, 1969, in the Center. The judgment of commitment directed that defendant was to receive no credit for this time. Thus, on February 28, 1969 he filed a petition for post-conviction relief seeking credit of that time as against the maximum period of his commitment. The trial judge denied the petition and this appeal followed.

Preliminarily, and apart from the merits of this controversy, we express our condemnation of the practice of allowing any prisoner to remain in the county jail for a period of over eight months awaiting disposition of his case. However, at oral argument we were advised by the State that under the system recently invoked by the present assign-

ment judge it is not likely that a similar situation will ever occur in the future.

Defendant relies upon the provisions of *R. R.* 3:7–10(h) (now *R.* 3:21–8) and of *N. J. S. A.* 2A:164–6 as support for his contention that he is entitled to a credit for the time spent in the county jail and the Diagnostic Center.

*R. R.* 3:7–10(h) provides as follows:

> In all *custodial sentences* the prisoner shall receive credit on the term imposed for any time he may have served in custody between his arrest and the imposition of sentence * * *. [Emphasis added]

When an individual is convicted of one of the sex offenses enumerated in *N. J. S. A.* 2A:164–3, the trial judge must commit him to the Diagnostic Center for a complete physical and mental examination. If it appears from a report of that examination that his conduct is characterized by the patterns specified in *N. J. S. A.* 2A:164–5, the judge may either place that individual on probation, accompanied by outpatient psychiatric treatment, or in the alternative, such person "may be *committed to an institution,* to be designated by the Commissioner of institutions and agencies, for treatment * * *." *N. J. S. A.* 2A:164–6(a) and (b) (Emphasis added).

On the other hand, if the results of the offender's diagnostic examination do not show conduct characterized by the above-noted statutory patterns, the court is directed to "*impose sentence* on such person in the manner provided by law." *N. J. S. A.* 2A:164–9 (Emphasis added).

■ The above statutes make a clear distinction between a "sentence" in which the minimum and maximum times are fixed (*N. J. S. A.* 2A:164–17), and a "commitment" for treatment, for an indeterminate term, in which the minimum and maximum terms are not fixed, though the maximum is limited by *N. J. S. A.* 2A:164–6. *See State v. Schreffler,* 63 *N. J. Super.* 148, 152 (App. Div. 1960). Thus, it was held that the commitment to an institution for treatment under the Sex Offenders Act is an institutional confinement

and not a sentence. *State v. Newton*, 30 *N. J. Super*. 382, 385–387 (App. Div. 1954), aff'd 17 *N. J*. 271 (1954). *Cf. State v. Horne*, 56 *N. J*. 372, 376–377 (1970); *State v. Blanford*, 105 *N. J. Super*. 56, 59–60 (App. Div. 1969); *State v. Thompson*, 84 *N. J. Super*. 173, 177 (App. Div. 1964).

Further, it is to be noted that *R. R*. 3:7–10(c), which mandates the furnishing of a copy of the Diagnostic Center report to one convicted of one of the sex offenses enumerated in *N. J. S. A*. 2A:164–3, clearly recognizes the distinction between the court "imposing sentence" and "making disposition of the offender."

Based upon all of the above, we hold that *R. R*. 3:7–10(h), which is limited to "all custodial sentences," is not applicable to defendant, who was committed to the Diagnostic Unit at Rahway pursuant to the provisions of the Sex Offenders Act. *N. J. S. A*. 2A:164–3, *et seq*. Therefore, he is not entitled to credit for the time spent in the county jail or in the Diagnostic Center.

■ Likewise, we conclude that defendant's position is not supported by *N. J. S. A*. 2A:164–6. The pertinent portion of this act provides

* * * in no event shall the person be confined or subject to parole supervision for a period of time greater than that provided by law for the crime of which such person was convicted.

First, this act prohibits the judge from committing a sex offender to a designated institution for treatment for a greater time than the maximum term fixed by law for the crime for which he was convicted. Next, it mandates that in no event shall the offender be confined in such institution or subject to parole supervision for a period of time greater than the stated maximum. The act does not relate to a claim for credit for time spent in custody before actual commitment to the treating institution.

■ Defendant argues that the failure to credit him with the time he seeks amounts to a denial to him of equal pro-

tection of the laws. He argues that this would result in a disparity in his confinement and in the confinement of one who was convicted of the same sex crime, but was not committed as a sex offender. A similar argument was raised and rejected in *State v. Wingler,* 25 *N. J.* 161, 174–176 (1957). In so doing the court said:

> However, this ignores the fact that the Legislature has, with sufficient cause, classified certain repetitive, compulsive sex offenders as falling within a separate group urgently requiring, for the protection of society as well as the offenders themselves, special confinement and treatment until they are capable of making acceptable social adjustments, * * *. [at 175]

Should defendant respond to treatment at the Rahway Diagnostic Unit, he may be released on parole as soon as the State Parole Board finds him to be so capable, upon recommendation by the Special Classification Review Board. See *N. J. S. A.* 2A:164–6 and 8. *State v. Mickschutz,* 101 *N. J. Super.* 315, 320 (App. Div. 1968).

Judgment affirmed.